UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARIAN MAURICE WRIGHT,

     Plaintiff,

v.                                     Case No. 3:24cv279-LC-HTC

WARDEN R. QUINN,
TRISTEN LINER,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Darian Maurice Wright, a prisoner proceeding *pro se* and *in forma pauperis,* has filed a civil rights complaint under 42 U.S.C. § 1983 relating to his incarceration at Santa Rosa Correctional Institution.  Doc. 1.  After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because Plaintiff failed to truthfully disclose his litigation history.

## I.    LEGAL STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## II.    FAILURE TO ACCURATELY DISCLOSE LITIGATION HISTORY

Plaintiff was asked on the complaint form in Section VIII to disclose his litigation history. Doc. 1 at 28. In response, he identified no cases at all. However, he has filed several lawsuits which he should have disclosed.

First, he was asked to disclose any lawsuits about the same facts involved in the instant case, Doc. 1 at 29, and failed to disclose at least two prior suits, including, *Wright v. Liner*, 3:24-cv-00322 (M.D. Fla.), a prior lawsuit about the same facts as the instant case, dismissed because it was not filed on the proper form. Second, he was asked to disclose any cases concerning the conditions of his confinement, *id.*, and failed to disclose at least two cases, including *Wright v. Santa Rosa Correctional Institution Annex*, 3:22-cv-00753 (M.D. Fla), a case in which he complained of treatment in Santa Rosa.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at

*1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for Plaintiff's abuse of the judicial process by failing to truthfully disclose his litigation history.

2.      That the clerk closes the file.

At Pensacola, Florida, this 30th day of July, 2024.

_/s/ Hope Thai Cannon_
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. _See_ 11th Cir. Rule 3-1.